IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY G. SCHINDEWOLF, et al.,
 Plaintiffs,

v.  CASE NO.: 5:10cv145/RS/MD

SEYMOUR CONSTRUCTION, INC.,
et al.,
 Defendants.

___

**O R D E R**

This cause is before the court upon plaintiffs' motion to compel (doc. 36). Before the court rules on this matter, the defendants shall have the opportunity to respond, and the parties shall then take steps to attempt to resolve their dispute.

In the court's experience, the great majority of discovery disputes arise when one or both sides exhibit (1) failure to grasp, or disdain for, the law, the rules, or the facts, (2) lack of professionalism, (3) lack of civility, (4) refusal to extend common courtesy to a fellow professional (and therefore to the court), (5) bad faith, or (6) some or all of the above, which generally manifests itself in the now all too common, but absolutely intolerable, take-no-prisoners, scorched earth arrogance exhibited by many present day self-styled "litigators." Indeed, it is sad to say, but nonetheless true, that it is very rare for this court to see a truly justiciable discovery issue requiring thoughtful consideration and resolution by the court which the parties have tried to resolve in good faith. The following procedure applies to this dispute because on initial review it appears that this is the garden variety type and may possibly have arisen for the reasons stated above.

To assist counsel in their discussions, I offer some practical guidance. In my nearly thirty-seven years as a civil trial lawyer and judge I have seen it all and have heard it all. I am well aware that abuse of the legal process most often occurs during discovery, and that lawyers do things during discovery that they would not dream of doing if a judge were present. If you have made speaking or suggestive objections during a deposition, or if you have instructed a witness not to answer when you had no right to do so, I will know what

you are about.  I am not inclined to favor such behavior.  If you do not return telephone calls, are always "unavailable," screen every communication through two layers of staff, and then dash off e-mails "confirming" something that was not agreed on when you were finally reached, you are not fooling anyone.  If civility and common courtesy are not in your make-up, or if you think bully tactics are a necessary part of the practice of our profession, you undoubtedly will not like the consequences of your lack of manners.  I will not consider half-baked arguments, lame excuses, delays caused by the client, mud slinging, passing the buck, pointing fingers, blaming support staff, or, particularly, lack of time.  If you are too busy to take care of your obligations you should reduce your caseload.  Claims of ethical violations are not taken lightly, and if you have made such an accusation against opposing counsel, you have done so at your peril if you are not prepared to prove it.

I believe that the attorney/client privilege is very nearly sacred, and I am not inclined to find that such a critically important privilege has been waived accidentally, by implication, or by oversight, except in the most unusual and compelling circumstances.  Do not take this statement to mean that you can safely ignore the requirements of Rule 26(b)(5), however.

I do not favor either fishing expeditions or questions and requests unlimited in time or place. Neither do I favor totally <u>unsupported</u> objections to discovery based on the usual boilerplate - assertions that the request is overly broad or unduly burdensome, or that the information sought is irrelevant, privileged, or is unlikely to lead to the discovery of admissible evidence.  Give me something to back up your objection or it will be overruled. If you have answered a discovery request "subject to" or after "reserving" an objection (or similar phrase), you have waived your objection.[1]  You should not assume that I will buy your argument that a common English word is "vague" or "ambiguous."  If you think something is burdensome, accompany your objection with facts to show it.  In short, if your

---

[1] You either have a sustainable objection or you do not.  You cannot have it both ways.  *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands.").  *See also,* Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection."  If you make a specific objection to an identifiable portion ( date, geographic area, information from one specific corporate entity or department, person, report, subject matter, etc.) and respond to separate identifiable portions, you have not waived your objection to the former.

discovery demands or responses are not well thought out and clearly presented, or if you are the deposition-taker from the nether region, you are on shaky ground indeed.

Accordingly, the parties are ordered to proceed as follows:

1.  Counsel will immediately provide a copy of this order to their respective clients.

2.  Defendants shall respond to the plaintiffs' motion no later than the third workday after the docketing of this order (the response date) by electronic filing.

3.  If counsel are able to <u>completely resolve</u> the issues raised in the motion without meeting, a notice withdrawing the motion should be filed. If the issues are not <u>completely resolved</u>, lead counsel or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney, house counsel, or some other decision maker will, no later than the fifth workday after the response date, <u>meet personally or by video conference</u> and in good faith attempt to resolve or narrow the dispute. If counsel cannot agree on a time, date or location for the meeting, the meeting will be held at 8:00 a.m. on the fifth workday after the response date in the witness room outside Courtroom 3 North, at the United States Courthouse in Pensacola, Florida. If the attorneys meet at the Courthouse, lead counsel will attend. No later than two workdays thereafter, the parties will jointly file the results of their discussion, including <u>all</u> agreements, undertakings, promises and/or concessions, and will specifically identify any issues that remain for determination by the court, without argument. If in good faith and for good cause you need more time, ask, but do not abuse the invitation.

4.  If the matter is fully resolved, the court may or may not ask for briefs on the appropriateness of sanctions. If the matter is not fully resolved, the court will either (1) rule on the motion without further argument or (2) schedule a hearing at a time set by the court.

5.  If the court rules, with or without a hearing, the party prevailing overall, as determined by the court, will be awarded its costs and expenses after the non-prevailing party has been given the opportunity to be heard. The costs will likely include, but not be limited to, (1) the time required to file pleadings, prepare for, travel to and attend the required meeting, and, if necessary, the time required to prepare for, travel to, and attend the hearing, and (2) the actual cost of court reporting, travel, sustenance and accommodations for all of the above. The costs will be paid by the non-prevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on going forward against counsel's advice.

6. In the unlikely event this turns out to be one of those rare cases involving a truly justiciable issue, such as a case of first impression, the court will not impose sanctions. The court will decide whether that criterion is met.

Bottom line: before you tell me that I need to rule on your dispute, you must be sure you have exhausted every possibility of resolving it, and you are well advised to be sure you are right.

DONE AND ORDERED at Pensacola, Florida this 20th day of October, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**