IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| BILLY G. SCHINDEWOLF, *et al.* | CASE NO. 5:10-CV-00145-RS-MD |
| Plaintiffs, | JUDGE RICHARD SMOAK |
| vs. | MAGISTRATE JUDGE CHARLES J. KAHN, JR. |
| SEYMOUR CONSTRUCTION, INC., *et al.* | **PRETRIAL STIPULATION AS AMENDED** |
| Defendants. | |

**A. FEDERAL JURISDICTION**

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and attorneys fees.

**B. NATURE OF THE ACTION**

Plaintiffs advanced $500,000 to Defendants for use as "soft costs" by Defendants to utilize in developing Plaintiffs' property into a condominium high-rise on the beach in Panama City, Florida. Plaintiffs assert that the funds were not utilized for "soft costs" (or for any costs associated with the property outside of a $50,000 payment made to the architect), and that they are entitled to return of the monies plus interest and costs. Defendants claim they properly used the advanced funds and are not obligated to return any of the monies. *See* Statement of each

party's case.

1.   **Plaintiffs' Statement of the Case**

In 2006, Plaintiffs Billy and Doris Schindewolf, an elderly couple residing a portion of the year in Ohio and the other portion in central Florida, inherited a sum of money arising out of the sale of a family farm in the Carolinas. The Schindewolfs placed their inheritance in a living trust formed in Ohio, and they used some of those funds to purchase an investment in a real estate project in Panama City, Florida, named "The View."

The seller of the property was to have participated in development of the project, but that company failed to follow through. In early 2007, Scott Seymour and Seymour Construction, Inc. approached the Schindewolfs about developing their project for them. In June of that year, the parties entered into and executed a Memorandum of Interest. There is some dispute as to the terms of that Memorandum, but there is no dispute that the Schindewolfs agreed to provide Seymour with $500,000 in "soft costs" in order to get the project started. There also is no dispute but that the Schindewolfs provided those funds in two payments prior to June 30, 2007. While the project never got started, Seymour claims the funds no longer exist. Other than $50,000 Seymour paid to the architect of the project, all of the other funds were used by Seymour to divert for other of his business and personal uses. While the project was never initiated, Seymour has refused to return any part of the "soft cost" funds provided by the Schindewolfs.

Pursuant to the Memorandum of Interest as claimed by Plaintiffs to have been executed by all parties, the parties agreed that the Schindewolfs would advance Seymour a total of $500,000 on or before June 30, 2007. That sum (less any direct costs) would be refunded to Plaintiffs in the event the project had not made substantial progress by June 1, 2008. Not only was there no "substantial" progress, but there was no progress at all either before January 1,

2008, or to the present time.

Seymour claims that he utilized the monies to make payroll during all of 2007. Witnesses will testify that many other projects were ongoing at Seymour Construction Company in 2007, and that if any work was done with respect to the Schindewolf project, it was a small portion of the work conducted at Seymour Construction Company. Nonetheless, Seymour claims (according to Answers to Interrogatories) that he was entitled to use all of the Schindewolf advance to pay his employees during the entire year of 2007 (in spite of the fact that the Schindewolfs engaged in no agreement with Seymour until June of 2007).

In spite of repeated request for an accounting, Seymour has never provided an iota of detail concerning any out-of-pocket expenses – with the exception of the $50,000 paid to the architect. It was only after filing this lawsuit that Seymour began admitting that the funds were used to pay wages of his regular employees. In spite of requests, he has produced no work product of those employees, in any fashion related to the Schindewolf project.

### 2. Defendants' Statement of the Case

The Plaintiff's Grandson, Nate Schindewolf, with others, purchased the property in Panama City, Florida, named "The View" for approximately Five Million Dollars and subsequently sold that property to Plaintiffs Billy and Dora Schindewolf for approximately Seven Million Dollars. In early 2007, Seymour Construction was approached by Kevin Keough, an attorney for the Plaintiffs at the time in connection with obtaining its assistance in developing The View project for the Schindewolfs. On May 5, 2007, Seymour Construction agreed to a Memorandum of Interest concerning the proposed development of The View project and again, on June 6 of that year a subsequent Memorandum of Interest was proposed by the Schindewolfs to Seymour Construction

and accepted and signed by Scott Seymour, as President of Seymour Construction. Notwithstanding Plaintiffs Statement of the Case, Seymour Construction did not approach the Schindewolfs. Rather, the Schindewolf's attorney, Kevin Keogh, approached Seymour Construction, due to his knowledge of Seymour Construction's good reputation and ability to follow through on the due project. In September of 2008, the Schindewolf's counsel, Kevin Keough, wrote Scott Seymour and Seymour Construction and referenced the advance of the $500,000.00 to Seymour Construction as a deposit toward payment of any soft costs and/or expenses and further advised Seymour Construction that the Schindewolfs no longer wished to utilize its services for their project. On information and belief, during this time period the Schindewolfs, through their counsel Ron Kopp and his law firm, communicated with Kevin Keough, their intent to sue Kevin Keough for his involvement in "The View" project. On information and belief that litigation was settled without proceeding to litigation by the payment of an estimated Five Million Dollars by Kevin Keough and his law firm, Buckley King to the Schindewolfs. For some reason, no reference was made by Schindewolfs counsel, Kevin Keough, to the May or June 2007, Memorandums of Interest. It is Seymour Constructions position that, in addition to the $50,000.00 paid to the architect of the project, the remainder of the funds were used in payment of the salaries of personnel retained by Seymour Construction for their work done in connection with "The View" project. Additional funds were utilized in connection with Scott Seymours travel from Atlanta, where he is based, to and from Panama City in connection with "The View" project as well as his initial expenses in traveling to meet with the Schindewolfs at the request of their then counsel Kevin Keough in connection with "The View" project and

the subsequent meeting with them in Atlanta concerning that project. Notwithstanding Plaintiff's reference to the June 6, 2007 Memorandum of Interest, the initial Memorandum of Interest was dated May 7, 2007 and was executed by Scott Seymour as President of Seymour Construction.

Suffice it to say, had Seymour and the architectural firm not recommended that the project not be taken any further due to the local economy, the Schindewolfs and "The View" would have been a total failure and their investment in the project of some Seven Million Dollars to their Grandson, less the approximate Five Million Dollars recovered from their threatened law suit with the lawyer Kevin Keough and his firm would have "gone down the tubes" along with the other hundred, if not thousands, of condominium units in the Panama City, Bay County area.

C. **LIST OF EXHIBITS**

**1.  Plaintiffs' Exhibits [Exhibits are marked as they were marked in depositions so as not to be confusing when depositions are played or read to the Court; some depositions are not used, which accounts for missing exhibit numbers below.]**

    1 -    Notebook for "The View"
    4 -    11/26/07 email exchange between Jack Coppenger and Scott Seymour, Sue Hudson and Kevin Keogh re: The View
    5 -    8/6/07 letter from Brent Barnes of Geiger, Teeple, Smith & Hahn, P.L.L. to Scott Seymour re: Annexation of 6.806 acres owned by 1460 Edison St., LLC and rezoning of the entire 10.6 acres
    7 -    3/27/08 letter from Trudy Plotz, Bureau of Standards and Registration, to Daniel Harmon, III re: View Condo, Resort Ventures II, LLC, PR73122
    8 -    4/21/08 email from Kevin Keogh to Sue Hudson, Scott Seymour, Robin Kidd and Nate Schindewolf re: 151 Engagement Letter
    9 -    3/31/08 Letter from Nevin Zimmerman to Billy G. and Doris M. Schindewolf, c/o Kevin Keogh, re: Engagement Letter for Schindewolf Living Trust
    10 -    8/2/08 email from Kevin Keogh to Scott Seymour, forwarding email from Nevin Zimmerman re: Scott Seymour
    11 -    4/9/08 email from Kevin Keogh to Scott Seymour re: The View
    13 -    10/17/08 email between Scott Seymour and Kevin Keogh re:

Schindewolfs v. Seymour

14 - 9/16/08 email between Kevin Keogh and Scott Seymour re: Settlement Agreement
15 - 12/18/07 email exchange between Kevin Keogh and Scott Seymour re: News
16 - 6/19/07 email exchange between Scott Seymour and Kevin Keogh
17 - 5/9/07 email exchange between Scott Seymour and Kevin Keogh re: Schindewolf Memorandum of Interest
18 - 11/29/07 email exchange between Kevin Keogh and Scott Seymour re: The View
19 - 7/2/08 email between Kevin Keogh and Scott Seymour re: Schindewolf v. Scott Seymour and Seymour Construction
20 - 7/11/08 email exchange between Kevin Keogh to Scott Seymour re: Schindewolfs
22 - 7/7/08 email exchange between Kevin Keogh and Scott Seymour re: Schindewolfs
23 - 3/21/08 email exchange between Scott Seymour, Kevin Keogh and Sue Hudson re: The View
24 - 3/20/08 email exchange between Kevin Keogh and Scott Seymour
25 - 3/17/08 email from Scott Seymour to Kevin Keogh forwarding email from "CRS" re: Signs @ PC Bch
26 - 6/5/08 email from Kevin Keogh to Scott Seymour forwarding email from Nevin Zimmerman re: The $5,000 retainer check bounced – see attached. Would you please send me another check plus the return check fee? thanks
28 - 6/7/07 email from Scott Seymour to Nate Schindewolf and Kevin Keogh
29 - 12/28/07 email from Scott Seymour to Kevin Keogh
31 - 6/22/07 email exchange between Scott Seymour and Kevin Keogh re: Operating Agreement for The View at Panama City, LLC
33 - 9/4/07 email exchange between Scott Seymour and Kevin Keogh re: new e-mail address
34 - 6/27/07 email exchange between Scott Seymour and Kevin Keogh
35 - 5/1/07 email exchange between Scott Seymour and Kevin Keogh
37 - 4/30/07 email exchange between Scott Seymour and Kevin Keogh
38 - 6/7/07 email exchange between Scott Seymour and Kevin Keogh re: Schindewolf Memorandum of Interest – Word Version
39 - 6/28/07 email between Scott Seymour and Kevin Keogh
40 - 10/17/08 email exchange between Scott Seymour and Kevin Keogh re: Schindewolfs
42 - 5/15/08 email exchange between Scott Seymour and Kevin Keogh re: The View
43 - 3/1/08 email exchange between Kevin Keogh and Scott Seymour re: The View
44 - 4/17/08 email exchange between Kevin Keogh, Lisa Babish Forbes and Scott Seymour re: WatersEdge – Purchase Price

6

46 -  5/8/08 email from Scott Seymour to Kevin Keogh
48 -  1/29/08 email from Scott Seymour to Kevin Keogh
51 -  6/8/07 letter from Kevin Keogh to Scott Seymour re: Articles of Organization – The View at Panama City, LLC
52 -  5/21/07 email exchange between Kevin Keogh and Nate Schindewolf re: Monday
53 -  6/10/07 email from Scott Seymour to Nate Schindewolf
54 -  6/6/07 email from Scott Seymour to Nate Schindewolf
55 -  Document production, Bates Nos. 000100-000191
56 -  Defendant's Amended Answers to Plaintiffs' Interrogatories
57 -  6/6/07 Memorandum of Interest, re: Development of The View

2. **Defendants' Exhibits**

1 -  Notebook for "The View"
4 -  11/26/07 email exchange between Jack Coppenger and Scott Seymour, Sue Hudson and Kevin Keogh re: The View
5 -  8/6/07 letter from Brent Barnes of Geiger, Teeple, Smith & Hahn, P.L.L. to Scott Seymour re: Annexation of 6.806 acres owned by 1460 Edison St., LLC and rezoning of the entire 10.6 acres
7 -  3/27/08 letter from Trudy Plotz, Bureau of Standards and Registration, to Daniel Harmon, III re: View Condo, Resort Ventures II, LLC, PR73122
8 -  4/21/08 email from Kevin Keogh to Sue Hudson, Scott Seymour, Robin Kidd and Nate Schindewolf re: 151 Engagement Letter
9 -  3/31/08 Letter from Nevin Zimmerman to Billy G. and Doris M. Schindewolf, c/o Kevin Keogh, re: Engagement Letter for Schindewolf Living Trust
10 -  8/2/08 email from Kevin Keogh to Scott Seymour, forwarding email from Nevin Zimmerman re: Scott Seymour
11 -  4/9/08 email from Kevin Keogh to Scott Seymour re: The View
13 -  10/17/08 email between Scott Seymour and Kevin Keogh re: Schindewolfs v. Seymour
14 -  9/16/08 email between Kevin Keogh and Scott Seymour re: Settlement Agreement
15 -  12/18/07 email exchange between Kevin Keogh and Scott Seymour re: News
16 -  6/19/07 email exchange between Scott Seymour and Kevin Keogh
17 -  5/9/07 email exchange between Scott Seymour and Kevin Keogh re: Schindewolf Memorandum of Interest
18 -  11/29/07 email exchange between Kevin Keogh and Scott Seymour re: The View
19 -  7/2/08 email between Kevin Keogh and Scott Seymour re: Schindewolf v. Scott Seymour and Seymour Construction
20 -  7/11/08 email exchange between Kevin Keogh to Scott Seymour re: Schindewolfs

22 - 7/7/08 email exchange between Kevin Keogh and Scott Seymour re: Schindewolfs
23 - 3/21/08 email exchange between Scott Seymour, Kevin Keogh and Sue Hudson re: The View
24 - 3/20/08 email exchange between Kevin Keogh and Scott Seymour
25 - 3/17/08 email from Scott Seymour to Kevin Keogh forwarding email from "CRS" re: Signs @ PC Bch
26 - 6/5/08 email from Kevin Keogh to Scott Seymour forwarding email from Nevin Zimmerman re: The $5,000 retainer check bounced – see attached. Would you please send me another check plus the return check fee? thanks
28 - 6/7/07 email from Scott Seymour to Nate Schindewolf and Kevin Keogh
29 - 12/28/07 email from Scott Seymour to Kevin Keogh
31 - 6/22/07 email exchange between Scott Seymour and Kevin Keogh re: Operating Agreement for The View at Panama City, LLC
33 - 9/4/07 email exchange between Scott Seymour and Kevin Keogh re: new e-mail address
34 - 6/27/07 email exchange between Scott Seymour and Kevin Keogh
35 - 5/1/07 email exchange between Scott Seymour and Kevin Keogh
37 - 4/30/07 email exchange between Scott Seymour and Kevin Keogh
38 - 6/7/07 email exchange between Scott Seymour and Kevin Keogh re: Schindewolf Memorandum of Interest – Word Version
39 - 6/28/07 email between Scott Seymour and Kevin Keogh
40 - 10/17/08 email exchange between Scott Seymour and Kevin Keogh re: Schindewolfs
42 - 5/15/08 email exchange between Scott Seymour and Kevin Keogh re: The View
43 - 3/1/08 email exchange between Kevin Keogh and Scott Seymour re: The View
44 - 4/17/08 email exchange between Kevin Keogh, Lisa Babish Forbes and Scott Seymour re: WatersEdge – Purchase Price
46 - 5/8/08 email from Scott Seymour to Kevin Keogh
48 - 1/29/08 email from Scott Seymour to Kevin Keogh
51 - 6/8/07 letter from Kevin Keogh to Scott Seymour re: Articles of Organization – The View at Panama City, LLC
52 - 5/21/07 email exchange between Kevin Keogh and Nate Schindewolf re: Monday
53 - 6/10/07 email from Scott Seymour to Nate Schindewolf
54 - 6/6/07 email from Scott Seymour to Nate Schindewolf
55 - Document production, Bates Nos. 000100-000191
56 - Defendant's Amended Answers to Plaintiffs' Interrogatories
57 - 6/6/07 Memorandum of Interest re: Development of The View
58 - 5/07/07 Memorandum of Interest re: Development of The View
59 - 12/28/10 Deposition of Scott Seymour
60 - 09/04/08 Letter to Scott Seymour from Kevin Keough

61- 3/14/11 Email from Ron Kopp to C. Edwin Rude, Jr. re: Schindewolfs Agreement with Kevin Keough in Settlement of Schindewolfs proposed action against Kevin Keough and his law firm.

**D.  WITNESSES**

    **1.  Plaintiffs' Witnesses**

        Nathan Schindewolf
        5831 Canterbury Road
        Akron, Ohio 44319

        Billy G. Schindewolf
        8644 Kepler Avenue, NW
        Canal Fulton, Ohio 44614

        Doris M. Schindewolf
        8644 Kepler Avenue, NW
        Canal Fulton, Ohio 44614

        Gene Schindewolf
        5843 Fernlane Drive
        Akron, Ohio 44319

        Kevin Keogh (by videotaped deposition)
        19612 Battersea Boulevard
        Rocky River, Ohio

        Scott Seymour (as upon cross-examination)
        100 Leisure Trail
        Peachtree City, Georgia 30269

        Robin Kidd (deposition to be read to Court)
        167 Oak Ridge Trail
        Fayetteville, Georgia 30214

    **2.  Defendants' Witnesses**

        Scott Seymour
        Seymour Construction
        2004 Commerce Drive, North
        Suite 100
        Peachtree, GA 30269

3. **DEFENDANT'S ADVERSE WITNESSES**

Billy G. Schindewolf
8644 Kepler Avenue, NW
Canal Fulton, Ohio 44614

Doris M. Schindewolf
8644 Kepler Avenue, NW
Canal Fulton, Ohio 44614

All remaining Plaintiff's Witnesses

E. **PLAINTIFF'S REBUTTAL WITNESSES**

Bayne Collins
Collins & Associates, Inc.
465 Harrison Avenue
Panama City, Florida 32401

Billy G. Schindewolf
8644 Kepler Avenue, NW
Canal Fulton, Ohio 44614

Doris M. Schindewolf
8644 Kepler Avenue, NW
Canal Fulton, Ohio 44614

Gene Schindewolf
5843 Fernlane Drive
Akron, Ohio 44319

F. **STATEMENT OF ADMITTED FACTS**

1. Billy and Doris Schindewolf, through their Trust, the Schindewolf Living Trust, Dated August 8, 2001 (the "Trust") at all relevant times owned a parcel of property located at 12401 Front Beach Road, Panama City Beach, Bay County, Florida (the "Property"), which they purchased in 2006 for the purpose of developing into a high-rise condominium project (the "Project").

2. Plaintiffs and Defendants agreed during the first half of 2007 that Seymour Construction Company would develop the Property into a high-rise condominium project, and that Plaintiffs would provide Defendants with a $500,000 advance payment to be utilized by Defendants for "soft costs" in developing the Project.

3. In two installments during the month of June 2007, Plaintiffs provided Defendants with $500,000 in funds for purposes of allowing Defendants to utilize such funds to pay for "soft costs" associated with developing the Project.

4. After receiving the funds from Plaintiffs, Defendants provided the architect with a payment of $50,000, which Plaintiffs agree was due, payable, and properly paid by Defendants.

5. Defendants utilized a portion of the $500,000 in funds provided by Plaintiffs to pay payroll costs incurred by Seymour Construction Company during 2007.

6. Ground has not been broken on the Property to begin any construction pertaining to the Project or otherwise.

7. Plaintiffs have requested of Defendants return of all or a portion of the $500,000 provided to Defendants in June of 2007.

8. Defendants have not returned to Plaintiffs any portion of the $500,000 paid by Plaintiffs to Defendants in June of 2007.

9. Plaintiffs have requested an accounting from Defendants as to how the $500,000 advance paid by Plaintiffs to Defendants in June of 2007 was utilized by Defendants.

10. The only accounting provided by Defendants to Plaintiffs pertaining to use of the $500,000 advance payment has been a listing of all payroll costs expended by Seymour Construction during 2007.

11. Plaintiffs have requested documentation of any work performed by any Seymour

Construction Company employee related to the Project, and Plaintiffs have also requested documentation as to any work performed by any person outside of Seymour Construction Company at the behest of Seymour Construction Company.

12. No documentation has been provided to Plaintiffs by Defendants as to any work performed by Seymour Construction Company or any third person on the Project, with the exception of the above-referenced listing of Seymour Construction Company employment expenses and the payment to Collins Architectural Firm.

## G. STATEMENT OF ISSUES OF LAW AGREED TO

1. The law of the state of Florida will be applied in this case.

## H. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1. Which Memorandum of Interest was executed by the parties?

2. What is the definition of "soft costs and expenses," and does the definition include payment of regular wages/salaries to Seymour Construction Company employees?

3. Did the Project make substantial progress by January 1, 2008?

4. Was the Operating Agreement called out by the Memorandum of Interest in place on or before June 30, 2007?

5. What portion of the $500,000 was legitimately spent by Defendants on "soft costs and expenses" after execution of the Memorandums of Interest?

6. What services, if any, were performed by Seymour Construction Company on the Project, and were those services to be paid for contractually from the $500,000 "soft costs and expenses" advance made by Plaintiffs to Defendants?

I. STATEMENT OF THOSE ISSUES OF LAW REMAINING FOR DETERMINATION

1. Whether Defendant Scott Seymour can be held individually responsible for his conduct and the damage as alleged in this case?

J. DISAGREEMENTS AS TO APPLICATION OF THE FEDERAL RULES OF EVIDENCE AND/OR OF CIVIL PROCEDURE

At this time, it is not known that any such disagreements exist.

K. LIST OF MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT

No matters known to the parties currently require action by the Court.

L. DISAGREEMENTS AS TO EXHIBITS

The parties agree to authenticity of all exhibits listed by each party; reserving any other objections for trial.

M. THIS IS A NON-JURY CASE

N. ESTIMATES OF LENGTH OF TRIAL

1. Plaintiffs' counsel expects this case will last between 1.5 and 2 trial days, perhaps shorter.

2. Defendants' counsel expects this case will last between 1.5 and 2 trial days, perhaps shorter.

<table>
<tr><td>Respectfully submitted,</td><td>Respectfully submitted,</td></tr>
</table>

/s/ *Ronald S. Kopp*
Ronald S. Kopp (Fla. Bar #0004950)
rkopp@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, Ohio 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

Clayton W. Crevasse (Fla. Bar No. 0309621)
ccrevasse@ralaw.com
Roetzel & Andress, LPA
2320 First Street, Suite 1000
Fort Myers Florida 33901
Phone: (239) 338-4208
Fax: (239) 337-0970

Attorneys for Plaintiffs
Of Counsel:

Paul W. Lombardi (Ohio Bar #0079179)
plombardi@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, Ohio 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

/s/ *C. Edwin Rude*
C. Edwin Rude, Jr.
Florida Bar Number: 0157985
211 East Call Street
Tallahassee, Florida 32301-7607
Telephone: (850) 222-2311
Facsimile: (850) 222-2120

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2011, the foregoing Pretrial Stipulation was filed electronically. Notice of this filing was sent to counsel of record through the Court's electronic filing system. Access to this document also can be obtained through the Court's electronic system.

/s/ *Ronald S. Kopp*
Ronald S. Kopp